IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 15–mc–00174–MSK–KMT

WESTJEST AIRLINES, LTD., and
WESTJET, an Alberta partnership,

    Plaintiffs,

v.

MR. GRAHAM LIPSMAN,

    Defendant.

---

## ORDER

---

The matter before the court is the ex parte "Application of WestJet Airlines Ltd. and WestJet, an Alberta Partnership, for Expedited Judicial Assistance Pursuant to 28 U.S.C. § 1782." (Doc. No. 1 [App.], filed October 6, 2015.)

### BACKGROUND

Plaintiffs Westjet Airlines, Ltd., and Westjet, an Alberta partnership (collectively "Westjet"), request the court's assistance in obtaining information and evidence from Graham Lipsman, a resident of Boulder, Colorado, and the apparent registrant and administrator of the website www.captiongenerator.com. (*See* Doc. No. 1-1 at 13–14, 18, 20, 22; Doc. No. 1-3 at 1–3; Doc. No. 1-7 at 1–2.) According to Plaintiffs, the website hosts several defamatory videos directed at Westjet and its directors and officers. (App. at 1; Aff. of Corey Fotheringham [Doc. No. 1-1] with attached exhibits.) Plaintiffs claim they intend to file legal action against those

responsible for the alleged defamation but have thus far been unable to identify the perpetrators. (*Id.*)

Prior to filing this application, Plaintiffs obtained a "Norwich Order"[1] from the Court of Queen's Bench of Alberta ("the Alberta Court") requiring Mr. Lipsman to provide records disclosing the identity of the individuals who posted the accused videos on www.captiongenerator.com. (*Id.* at 6–7.) Mr. Lipsman did not respond to that order. (*Id.*) Plaintiffs present this Court with a Letter Rogatory from the Alberta Court requesting that the United States District of Court for the District of Colorado assist Westjet in its effort to obtain the information requested in the Norwich Order (*id.* at 7; [Doc. No. 1-2]) and to allow Westjet, pursuant to 28 U.S.C. Section 1782, to serve subpoenas upon Mr. Lipsman to collect information for use in a proceeding to be filed in Canada. (App. at 1.)

## LEGAL STANDARDS

Section 1782 of the United States Code permits Courts "to assist foreign tribunals in obtaining relevant information that the tribunals may find useful but, for reasons having no bearing on international comity, they cannot obtain under their own laws." *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 262 (2004).

Section 1782 provides:

(a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be

---

[1] A *Norwich* Order is a pre-action discovery mechanism that compels a third party to provide certain information in its possession. *See* App. At 6, ftnt. 2*, citing* GEA Group AG v. Flex-N-Gate Corp. (2009), 96 O.R. 3d 481 (Can. Ont. C.A.). It is only granted where the applicant demonstrates that the information needed is for a legitimate object, such as obtaining the identity of a wrongdoer. *Id.*

> made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.  By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement.  The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing.  To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.
>
> A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

28 U.S.C. §1782.  Section 1782's requirements for assistance are met when:

> (1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made,
>
> (2) the discovery is for use in a foreign proceeding before a tribunal, and
>
> (3) the application is made by a foreign or international tribunal or any interested person.

*In re Perez Pallares,* No. 10–cv–02528–PAB, 2010 WL 4193072, at *1 (D. Colo. Oct. 20, 2010) (citing *Schmitz v. Bernstein Liebhard & Lifshitz LLP,* 376 F.3d 79, 83 (2d Cir. 2004)).  *See also In re Application of Michael Wilson & Partners, Ltd.*, Case No. 06–cv–02575–MSK–PAC, 2007 WL 2221438, at *2 (D. Colo. July 27, 2007) (quoting *In re Clerici*, 481 F.3d 1324, 1331–32 (11th Cir. 2007)).

Even if all of the statutory requirements are met, permitting the requested discovery remains within the discretion of the Court.  *Intel Corp.,* 542 U.S. at 260.  The Supreme Court has enumerated several factors for courts to consider when deciding whether to permit discovery pursuant to Section 1782:

> (1) whether the party from whom discovery is sought is a participant in a foreign proceeding, or already subject to the jurisdiction of the foreign tribunal;

3

  (2) the nature and character of the foreign proceedings;

  (3) the receptivity of the foreign tribunal to such judicial assistance;

  (4) whether the request is an attempt to circumvent foreign discovery restrictions; and

  (5) whether the request is unduly intrusive or burdensome.

*See Intel Corp.,* 542 U.S. at 264–65.

  Ex parte applications for judicial assistance under Section 1782 are permissible because persons subject to Section 1782 subpoenas may file a motion to quash or modify the subpoena under the Fed. R. Civ. P. 45(c)(3) or may seek a protective order under Fed. R. Civ. P. 26(c). *See, e.g., Chevron Corp. v. Snaider*, 78 F. Supp. 3d 1327, 1331 (D. Colo. 2015); *In re Perez Pallares*, 2010 WL 4193072, at *2 (citing *In re Letter of Request from Supreme Court*, 138 F.R.D. 27, 32 n. 6 (S.D.N.Y. 1991)).

## ANALYSIS

  This court agrees that Plaintiffs' application for judicial assistance meets the statutory requirements of Section 1782.  Mr. Lipsman both resides in Colorado and does business here as the Chief Executive Officer of BranchLabs, an eCommerce agency based in Boulder, Colorado, USA.  (*Id.* at 8–9, Doc. No. 103 at 1, Articles of Organization BranchLabs LLC; Doc. No. 1-1 at 18, 20, 22; Doc. No. 1-7 at 1–2).)  The evidence sought by Westjet from Mr. Lipsman is "for use" in foreign proceedings, even though those proceedings have not yet begun.  (*Id.* at 9.)  *See Intel Corp.*, 542 U.S. at 243 (holding that Congress intended Section 1782 to have "real and substantial effect" and to apply to investigations as well as pending proceedings).  Plaintiffs are "interested persons" to the foreign proceedings because they will be the plaintiffs in the defamation proceeding once they identify the responsible individuals.  (*Id.* at 10.)

The court's exercise of discretion is appropriate here. As to the first factor, whether the party from whom discovery is sought is a participant in a foreign proceeding, Mr. Lipsman may be a witness, but will not a party to the anticipated lawsuit. (App. at 11.) Further, neither Mr. Lipsman nor his company is Canadian and, therefore, the requested information does not appear within the immediate reach of a Canadian tribunal. As to the second and third factors, the nature and character of the foreign proceedings and the receptivity of the foreign tribunal to such judicial assistance, the Norwich Order and the Letters Rogatory satisfy this court that the Alberta court welcomes this court's assistance. *See also Thompson v. Doel, No*. 5:13-CV-80088-EJD-PSG, 2013 WL 5544607, at *2 (N.D. Cal. Oct. 7, 2013) (analyzing the Alberta Court's receptivity to judicial assistance requests for United States' courts and granting that applicant's request for judicial assistance). As to the fourth factor, whether the request is an attempt to circumvent foreign discovery restrictions, this court finds that the purpose of Plaintiffs' request is to obtain the same information demanded in the Norwich Order, not to circumvent proof-gathering restrictions in the United States or Canada. Finally, as to the fifth factor, whether the request is unduly intrusive or burdensome, the court finds that request is not unduly intrusive or burdensome, especially given that any reasonable cost of compliance with this order will be borne by WestJet. (Letters Rogatory at 4.)

Accordingly, it is

**ORDERED** that Plaintiffs' ex parte "Application of WestJet Airlines Ltd. and WestJet, an Alberta Partnership, for Expedited Judicial Assistance Pursuant to 28 U.S.C. § 1782" (Doc. No. 1) is **GRANTED,** appointing Plaintiffs' representatives Craig D. Joyce and Sarah C. Millard

to issue one or more subpoenas to Graham Lipsman and/or his company requiring him to produce the following:

1.  Copies of the records of owners/registrants/administrators of the website Caption Generator, including but not limited to Graham Lipsman that discloses the identity of the individual(s) responsible for posting the videos accessible at the following URLs:

    a. http://captiongenerator.com/40076/FAABFAACT-TA2
    b. http://captiongenerator.com/37336/FAABPACT-TA-video
    c. http://captiongenerator.com/48057/Message-from-the-top
    d. http://captiongenerator.com/48233/From-Clive-Gregg-and-Pact
    e. http://captiongenerator.com/37490/FAABPACT-Agreement-show
    f. http://captiongenerator.com/48056/Lets-break-the-vote.

2.  This information includes, but is not limited to:

    a. Contact information for Caption Generator and the owners and/or registrants and/or administrators of Caption Generator, including Lipsman; and

    b. The IP addresses of the computers used to post the videos referenced in (1)(a-f).

3.  The records produced shall disclose the physical address associated with the IP addresses of the individual(s) responsible for posting the videos referenced in (1)(a-f) from any Internet Service Provider that is associated with the IP address(es).

4.  The subpoena may require that the information and records requested shall be provided to the Applicant as soon as practicable under the terms of the subpoena.

It is further **ORDERED**

The issuer of the subpoena authorized by this Order shall pay reasonable costs actually incurred by the owners and/or registrants and/or administrators of Caption Generator and/or any Internet Service Provider in respect of complying with this Order.

Dated this 17th day of November, 2015.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge